**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Richmond Division**

| | |
|---|---|
| Performance Food Group Company, LLC, ) | |
| f/k/a Performance Good Group ) | |
| 12500 West Creek Parkway ) | |
| Richmond, Virginia 23238 ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 3: 10 cv 506 |
| ) | |
| James M. Dawson, ) | |
| 2826 193rd Place ) | |
| Lansing, Illinois 60438 ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS

Defendant, James M. Dawson, through his attorneys, Gardiner Koch Weisberg & Wrona, moves pursuant to Fed. R. Civ. P. 12 (b)(6) to dismiss the complaint for failure to state a claim, and in support thereof states as follows:

### Introduction

Performance Food Group Company, LLC ("PFG") alleges in its complaint that James M. Dawson ("Dawson") breached his fiduciary duty to PFG and breached his contract with PFG through "unlawful acts, including, but not limited to, misappropriating trade secrets and confidential and proprietary business information, and providing a PFG competitor with information to assist that competitor in gaining an advantage over PFG in the course of its business, while Dawson was still employed by PFG." PFG alleges that the Employment Agreement entered into by Dawson is binding and asks the court to enjoin Dawson from violating the Noncompetition provisions in the Agreement.

The bare assertions of breach of fiduciary duty and breach of contract are not explained or elaborated on in the complaint. Moreover, the bare assertions that the information in question was "confidential" and PFG's "trade secrets" are not explained or elaborated on in the complaint. The complaint neither specifies any particular value derived from the information in question, nor any specific amount of damages that PFG alleges it incurred as a result of Dawson's alleged actions. Finally, the contract that PFG seeks to enforce is overly broad and an unlawful restraint on trade and is therefore unenforceable.

### Standard for Rule 12(b)(6) Motion

A complaint must provide a "short and plain statement of the claim showing that the pleader is entitled to relief and fair notice of the plaintiff's claims and the basis for those claims." Fed. R. Civ. P. 8(a)(2); Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). The complaint must describe the claim in sufficient detail to give the defendant fair notice of what the claim is and the grounds upon which it rests. The Supreme Court in Bell Atlantic corp. v. Twombly, 550 U.S. 544 (2007), added considerable bite to Rule 12(b)(6) pleading standards by confirming that a plaintiff's complaint must render his "entitlement to relief plausible." Twombly, 550 U.S. at 569, n. 14. In defining what it meant by "plausibility" in the notice pleading context, Twombly disavowed any broad reading of the court's earlier statement in Conley v. Gibson, 355 U.S. 41, 45-46 (1957), that a complaint should not be dismissed under Rule 12 (b)(6) "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Twombly states that "this famous observation has earned its retirement," because it left open the possibility that a "wholly conclusory statement of claim would survive a motion to dismiss whenever the pleadings left open the possibility that a plaintiff might later establish some 'set of (undisclosed) facts' to

support recovery." Twombly, 550 U.S. at 561, 563. Instead the Court held, a complaint must allege "enough facts to state a claim to relief that is plausible on its fact." Id. at 570.

In Ashcroft v. Iqbal, 129 S.Ct. 1937 (2009), the Supreme Court applied the Twombly pleading standard. The court explained that Twombly established two principles. First, a court is not required to accept as true conclusory statements or legal conclusions couched as factual allegations. Id. at 1949-1950. "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Id. at 1949. Second, the court must "draw on its judicial experience and common sense to determine "whether a complaint states a plausible claim for relief." Id. at 1950.

## Argument

Performance Food Group's complaint should be dismissed because it does not state a plausible claim for relief as required by Fed. R. Civ. P. 8(a). The complaint fails to state a claim for relief for the following reasons:

First, the bare assertions of breach of fiduciary duty and breach of contract are not explained or elaborated on in the complaint. Moreover, the bare assertions that the information in question is "confidential" and "a trade secret" are not explained or elaborated on in the complaint.  The complaint neither specifies any particular value derived from the information in question, nor any specific amount of damages that PFG alleges it incurred as a result of Dawson's alleged actions.

Second, the contract that PFG seeks to enforce unlawfully restrains Dawson's ability to earn a living and is therefore unenforceable. As a general rule, courts are reluctant to enforce restrictive covenants. Courts have long been hostile toward restrictive covenants as restraints on trade and contrary to sound public policy. Post-employment restrictive covenants restrict the

employee in the exercise of a gainful occupation and are therefore restraints on trade and must be carefully examined and strictly construed before the covenants will be enforced. Richardson v. Paxton Co., 203 Va. 790, 127 S.E.3d 113, 117 (1962).

Covenants not to compete are restraints on trade and accordingly are not favored. Motion Control Systems Inc. v. East, 262 Va. 33, 546 S.E.2d 434, 425 (2001). Non-compete agreements that are too broad and far-reaching without defined geographic restrictions are unenforceable. Eden Hannon & Co. v. Sumitomo Trust and Banking Co., 914 F.2d 556, 563 (4th Cir. 1990). The employer has the burden of proving that the restraint is reasonable and the contract is valid. Richardson, 203 Va. at 790, 127 S.E.3d at 117. The employer must show that (1) the restraint, from the standpoint of the employer, is reasonable in that it is no greater than necessary to protect some legitimate business interest; (2) the restraint, from the standpoint of the employee, is not unduly harsh and oppressive in curtailing the employees legitimate efforts to earn a livelihood, and (3) the restraint is reasonable form the standpoint of sound public policy. Paramount Termite Control v. Rector, 238 Va. 171, 380 S.E.2d 922, 925 (1989). It is clear that if a noncompetition covenant is overly broad in scope or geography, then it is unreasonable from the employee's standpoint as well as the employer's. Roto-Die, Inc. v. Lesser, 899 F.Supp. 1515, 1520 (W.D. Va. 1995).

Here, the Employment Agreement states that Dawson is restricted from working in the geographic territory of "District 11 DSM"; however, the Agreement fails to define "District 11 DSM." Thus, the Agreement is overly broad and undefined and therefore, an unreasonable restraint on trade. For this reason, the Agreement is invalid and unenforceable.

Likewise, non-compete agreements that contain blanket prohibitions on the types of employment an employee can pursue are also too broad to be enforceable. Motion Control

<u>Systems Inc. v. East</u>, 262 Va. 33, 38, 546 S.E.2d 434, 436 (2001).  An individual has a right to use his general knowledge and skills to pursue the occupation for which he is best suited. Here, the non-compete prohibits Dawson from "performing activities of the type performed by Employee for the Company." Such a provision is an overly broad, blanket prohibition of trade that prevents Dawson from using his general knowledge and skills. Thus, the non-compete is an unreasonable restraint on trade and is invalid. Therefore, because the Employment Agreement is unenforceable, this court should dismiss the complaint with prejudice.

Moreover, the rules show that a plaintiff should conduct its own investigation in order to make sure that it has a basis to bring a claim against a defendant. If there is no such basis, then either the plaintiff should not bring the claim or a court should dismiss the claim. Conclusory allegations cannot, without more, support a cause of action. Here, the complaint does not do more than make conclusory allegations of liability and thus, does not give fair notice of the conduct that is alleged to be a violation of Dawson's fiduciary duties and contractual obligations to PFG. The complaint should therefore be dismissed with prejudice.

**Conclusion**

For the foregoing reasons, plaintiff's complaint should be dismissed.

WHEREFORE, Defendant James M. Dawson respectfully requests that this Court: (i) grant Defendant's Motion to Dismiss Plaintiff's Complaint with prejudice; and (ii) grant all other relief this Court deems just and equitable, including without limitation the Defendant's

Respectfully submitted,
JAMES M. DAWSON
By counsel

_____/s/_____
LAW OFFICES OF MARK R. DYCIO, P.C.
T. Wayne Biggs, Esq. VSB# 41281
twbiggs@dyciolaw.com
10533 Main Street
Fairfax, Virginia 22030
(703) 383-0100
(703) 383-0101 (Fax)


Thomas G. Gardiner
James B. Koch
Jacqueline M. Schultz
GARDINER KOCH WEISBERG & WRONA
53 W. Jackson Blvd. Suite 950
Chicago, IL 60604


## CERTIFICATE OF SERVICE

I hereby certify that on August 20, 2010, I caused the electronic filing of the foregoing Memorandum in Support of Motion to Dismiss with the Clerk of Court using the CM/ECF system which will then send a notification of such filing (NEF) to the following counsel:

Brian E. Pumphrey
McGuireWoods LLP
One James Center
901 East Cary Street
Richmond, VA 23219-4030
804.775.7745 (Direct Line)
804.698.2018 (Direct FAX)
bpumphrey@mcguirewoods.com


_____/s/_____
T. Wayne Biggs, Esq.