IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| **Performance Food Group Company, LLC,** )<br>f/k/a Performance Food Group ) <br> ) <br> Plaintiff, ) <br> ) <br>v. ) <br> ) <br>**James M. Dawson,** ) <br> ) <br> Defendant. ) <br> ) | Civil Action No. 3:10-cv-506 |

**MEMORANDUM IN OPPOSITION TO**
**DEFENDANT'S MOTION TO DISMISS**

Plaintiff Performance Food Group Company, LLC, formerly known as Performance Food Group ("PFG"), by counsel, states as follows in response to James M. Dawson's ("Dawson") Motion to Dismiss:

**PRELIMINARY STATEMENT**

Dawson's Motion to Dismiss should never have been filed. It does not have a shred of merit and should be denied. Dawson seeks dismissal of PFG's Complaint because the non-compete clause in Dawson's employment contract "unlawfully restrains [his] ability to earn a living," (Pl. Br. at 3), and because PFG allegedly failed to state the specific facts supporting its breach of contract and breach of fiduciary duty claims. As discussed below, neither argument has any basis in reality.

Dawson's argument concerning the enforceability of the non-compete clause in his employment contract is a *non sequitur*. *Nowhere* in PFG's very detailed 18-page Complaint does PFG seek to enforce the non-compete clause in any respect. This case is about Dawson's

actions while employed by PFG and the resulting damage to PFG.[1] Moreover, PFG's Complaint is anything but light on specifics. For example, in paragraph 41 of the Complaint, PFG identifies by date, recipient and content twelve e-mail communications between Dawson and employees of a PFG competitor in which Dawson delivered PFG's trade secret and confidential, proprietary and non-public information. Significantly, each of these e-mails was sent while Dawson was employed by PFG.

The Motion to Dismiss should be denied.

## THE COMPLAINT

PFG's Complaint seeks compensatory and punitive damages from, as well as equitable relief against, Dawson for breach of fiduciary duty and breach of contract. PFG asserts that Dawson misappropriated PFG's trade secrets and confidential, proprietary, and non-public information for his personal benefit and the benefit of PFG's competitors. (Compl. ¶¶ 1-4, 39-55.) Dawson's unlawful conduct occurred while he was still employed by PFG and while using his PFG e-mail account. (*Id.*) PFG alleges that Dawson, while still an employee, competed against PFG and assisted a PFG competitor in competing against PFG, diverted business from PFG, and did not otherwise act for the sole benefit of PFG in all matters connected to his employment.

In its Complaint, PFG describes the nature of its business and its trade secrets and confidential, proprietary, and non-public information, i.e., information "pertaining to current or former employees, hires or prospective hires, sales and marketing strategy reports, customer lists and contact information, customer prospect material, customer profiles and analyses, price lists

---

[1] PFG reserves the right to seek leave from this Court to amend its Complaint pursuant to Federal Rule of Civil Procedure 15 should information come to light, through discovery or otherwise, that would justify additional claims against Dawson.

and pricing and/or rate structures, responses to requests for proposals, presentations, staffing profiles and computer software systems and methodologies." (*Id.* ¶¶ 12-15.) PFG outlines Dawson's fiduciary duties, as well as the duties arising out of his employment contract and employee handbook with respect to PFG's trade secrets and confidential, proprietary, and non-public information. (*Id.* ¶¶ 24-38.)

Dawson's breaches are described in the Complaint with exacting detail. PFG identifies a dozen e-mails sent from Dawson's PFG e-mail account and provides the date the e-mails were sent, who they were sent to (i.e., employees of a PFG competitor, Reinhart Foodservice), what files were attached, and the content of the e-mails. (*Id.* ¶¶ 41-42.) PFG alleges that a customer ceased doing business with PFG based on disparaging comments Dawson made to that customer about PFG. (*Id.* ¶ 52.) PFG alleges that Dawson, while still employed by PFG, performed work for a PFG client, Community Hospitals, and stated that a third-party vendor would be paid by Reinhart, PFG's competitor. (*Id.* ¶¶ 48-49.) And while the full extent of PFG's damages is not known at this time, PFG alleges a decrease in business from customers for whom Dawson had responsibility and that its compensatory damages exceed $75,000.[2] (*Id.* ¶ 51.)

## ARGUMENT

I. **Dawson's Argument as to his Non-Compete Provision is Misplaced.**

Dawson devotes the vast majority of his brief to arguing that the non-compete provision of his employment contract "unlawfully restrains [his] ability to earn a living and is therefore unenforceable." (Pl. Br. at 3-5). At no point in PFG's Complaint, however, does PFG purport to state a claim against Dawson for violating the non-compete provision of his employment contract. Instead, PFG's claims are founded on Dawson's breach of his fiduciary duties and the

---

[2] Since the filing of the Complaint, PFG has identified at least $220,000 in lost profits that are traceable to Dawson's unlawful acts.

3

Duty of Confidentiality provision of his employment contract. Indeed, Dawson's non-compete clause is not even mentioned in PFG's Complaint. Dawson did his unlawful competing *while employed by PFG*. (Compl. ¶¶ 38, 69.) Thus, Dawson's entire argument on this point is misplaced, irrelevant, and should be disregarded.

**II.  PFG's Complaint States a Claim Against Dawson For Breach of Contract and Breach of Fiduciary Duty.**

On a motion to dismiss under Federal Rule of Civil Procedure 12, the factual allegations in a complaint are accepted as true, and all reasonable inferences that could be drawn from the factual allegations are taken in the plaintiff's favor. *Builders Mut. Ins. Co. v. Dragas Mgmt. Corp.*, 2010 U.S. Dist. LEXIS 73643, at *11-12 (E.D. Va. July 15, 2010). A "complaint must 'aver enough facts to state a claim to relief that is plausible on its face.'" *Id.* at *11 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim that is "plausible on its face" is one that is supported by "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

Dawson does not argue that PFG failed to plead the required elements of breach of contract or breach of fiduciary duty.[3] Instead, Dawson merely argues that PFG's allegations are not sufficiently particularized to meet the pleading standard of Federal Rule of Civil Procedure 8. Rule 8 "requires only a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *E.I. DuPont de Nemours & Co. v. Kolon Indus., Inc.*, 688 F. Supp. 2d 443, 459

---

[3] To succeed on a claim for breach of contract, a plaintiff must prove four elements: (1) the existence of a contract; (2) a duty created by the contract; (3) the defendant's breach of that duty; and (4) damages to the plaintiff. Restatement (Second) Contracts § 235. The elements for breach of fiduciary duty are: (1) the existence of a fiduciary duty; (2) a breach of that duty; and (3) damages to the plaintiff. Restatement (Second) Torts § 874.

4

(E.D. Va. 2009) (internal quotations and alterations omitted). PFG's Complaint more than satisfies this standard.

While the Supreme Court altered the pleading standard in *Twombly*, it also "emphasized that alleging plausible grounds for a claim 'simply calls for enough facts to raise a reasonable expectation that *discovery* will reveal evidence' to prove the alleged claim." *E.I. DuPont*, 688 F. Supp. 2d at 449 (quoting *Twombly*, 550 U.S. at 556) (emphasis in original). And this Court has stated that

> it is important to note that, even after *Twombly*, "no legal authority [indicates] that [] *particularized allegations* are a pleading requirement. To the contrary, the Supreme Court has reiterated that Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"

*Id.* at 459 (quoting *In re Hypodermic Prods. Antitrust Litig.*, 2007 U.S. Dist LEXIS 47437 (D. N.J. June 29, 2007)) (alterations and emphasis in original). In this case, PFG's claims are supported by a lengthy recitation of detailed facts that outline Dawson's unlawful conduct. The list of Dawson's unlawful acts is neither short nor plain – it is extensive and detailed.

Nevertheless, Dawson asserts that: (1) PFG's claims "are not explained or elaborated on;" (2) PFG's confidential and trade secret information is not "explained or elaborated on;" and (3) PFG does not identify "any particular value derived from the information in question, nor any specific amount of damages." (Pl. Br. at 3). These assertions are unsupportable.

PFG's Complaint outlines a dozen specific instances where Dawson e-mailed PFG's trade secrets and confidential, proprietary, and non-public information from his PFG e-mail address to PFG competitors in violation of his contractual and fiduciary duties. (Compl. ¶ 41.) The Complaint alleges the date these e-mails were sent, to whom they were sent, what they said, and what PFG materials were attached. (*Id.*) PFG also specified instances where Dawson

competed with PFG while still an employee, and other instances, upon information and belief, where Dawson disclosed PFG information to assist a competitor while still a PFG employee. (*Id.* ¶¶ 45-53.) Finally, PFG noted that at least one customer stopped doing business with PFG based on Dawson's disparaging comments about PFG. (*Id.* ¶¶ 52, 54, 71.) Thus, even though "particularized allegations" are not required, *E.I. DuPont*, 688 F. Supp. 2d at 459, PFG did explain and elaborate on its claims with particularized allegations that detail Dawson's numerous breaches of his fiduciary and contractual duties.

The Complaint also alleges what trade secrets and confidential, proprietary, and non-public information Dawson disseminated to PFG's competitor. (*Id.* ¶ 41.) The Complaint alleges that PFG's trade secrets and confidential information includes customer, employee, and pricing information; strategy and marketing reports; and presentations, among other things, and that PFG takes significant measures to protect this information. (*Id.* ¶¶ 13, 15, 26.) Such information has been recognized as constituting "trade secrets" and confidential material. *GTSI Corp. v. Wildflower Int'l, Inc.*, 2009 U.S. Dist. LEXIS 36618, at *8, 16 (E.D. Va. Apr. 30, 2009). In any event, what constitutes proprietary information or a trade secret is "'a fact-intensive question to be resolved upon trial,' not on a motion to dismiss." *Id.* at *16 (quoting *Hoechst Diafoil Co. v. Nan Ya Plastics Corp.*, 174 F.3d 411, 419 (4th Cir. 1999)).

Finally, Rule 8 does not require a plaintiff to plead damages in a specified amount. *Id.* at *20-22. The only requirement at this stage is to plead sufficient damages to satisfy this Court that it has subject matter jurisdiction under 28 U.S.C. § 1332, and Dawson has not challenged this Court's jurisdiction. *See id.* at *21-22. PFG's Complaint alleges that Dawson's numerous unlawful acts has caused it to suffer damages in excess of $75,000, and that it is entitled to punitive damages in excess of $1,000,000. Moreover, Dawson fails to cite any authority, and

PFG has found none, that requires a plaintiff to plead what "value" is derived from confidential and trade secret information to state a cognizable claim for relief. Nevertheless, PFG does allege that it has "expended significant resources in developing" its trade secret and confidential information, and that this information "allows PFG to provide its customers with unique and valuable food distribution and operation services, thus giving PFG an advantage over its competitors." (Compl. ¶¶ 13-15.) PFG does, therefore, state what "value" is derived from its trade secret and confidential information.

PFG's Complaint more than satisfies the requirements of Rule 8 and Dawson's conclusory and unsupported claims to the contrary should be rejected.

## CONCLUSION

For the foregoing reasons, Dawson's Motion to Dismiss should be denied.

Dated: September 2, 2010

Respectfully submitted,

PERFORMANCE FOOD GROUP
COMPANY, LLC

By Counsel

_____/s/_____
Anne Bentley McCray (VSB No. 42209)
amccray@mcguirewoods.com
Brian E. Pumphrey (VSB No. 47312)
bpumphrey@mcguirewoods.com
Jeffrey D. McMahan, Jr. (VSB No. 77067)
jmcmahan@mcguirewoods.com
McGuireWoods LLP
One James Center
901 East Cary Street
Richmond, Virginia 23114
Telephone: (804) 775-1000
Facsimile: (804) 775-1061

*Attorneys for Plaintiff Performance Food Group Company, LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 2nd day of September, 2010, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

T. Wayne Biggs (Va. Bar No. 41281)
Law Offices of Mark R. Dycio, P.C.
10533 Main Street
Fairfax, Virginia 22030
Phone: (703) 383-0100
Facsimile: (703) 383-0101
twbiggs@dyciolaw.com

*Counsel for Defendant James M. Dawson*

And that hard copies of the foregoing were sent via first-class, postage prepaid U.S. mail to the following:

Thomas G. Gardiner
James B. Koch
Jacqueline M. Shultz
GARDINER KOCH WEISBERG & WRONA
53 W. Jackson Blvd., Suite 950
Chicago, Illinois 60604

*Counsel for Defendant James M. Dawson*

                                                /s/
Jeffrey D. McMahan, Jr. (VSB No. 77067)
jmcmahan@mcguirewoods.com
McGuireWoods LLP
One James Center
901 East Cary Street
Richmond, Virginia 23114
Telephone: (804) 775-1000
Facsimile: (804) 775-1061

*Attorneys for Plaintiff Performance Food Group Company, LLC*