IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| Performance Food Group Company, LLC, ) <br> F/k/a Performance Good Group ) <br> 12500 West Creek Parkway ) <br> Richmond, Virginia 23238 ) <br> ) <br>            Plaintiff, ) <br> ) <br> v. ) <br> ) <br> James M. Dawson, ) <br> 2826 193rd Place ) <br> Lansing, Illinois 60438 ) <br> ) <br>            Defendant. ) | CIVIL ACTION NO. 3: 10 cv 506 |

**DEFENDANT'S REPLY IN SUPPORT OF HIS MOTION TO DISMISS**

Defendant, James M. Dawson ("Dawson"), through his attorneys, Gardiner Koch Weisberg & Wrona, for his Reply to Plaintiff, Performance Food Group Company, LLC's ("PFG") Response to his Motion to Dismiss, states as follows:

**Introduction**

Plaintiff chooses hyperbole and innuendo instead of responding with facts and law; and apparently for good reason. Plaintiff's arguments in Response to Dawson's Motion to Dismiss are wholly misplaced. A motion to dismiss should be granted when a complaint fails to allege enough facts to state a claim to relief that is plausible on its face. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). Here, Plaintiff has failed to allege sufficient facts to state a claim for relief under both the Count for Breach of Contract and the Count for Breach of Fiduciary Duty. Therefore, for the following

1

reasons, Performance Food Group's complaint should be dismissed because it does not state a plausible claim for relief as required by Fed. R. Civ. P. 8(a).

**Argument**

Defendant's motion to dismiss should be granted because Plaintiff's Complaint seeks to enforce an invalid non-compete clause. Plaintiff's complaint is based on breach of contract and the contract is unenforceable due to the invalidity of the non-compete clause, Plaintiff fails to plead sufficient information to put Defendant on notice of any damage to Plaintiff that was caused by Defendant's alleged actions, and Plaintiff fails to plead sufficient facts to state a plausible claim for breach of fiduciary duty.

First, Plaintiff's argument that its Complaint does not seek to enforce the non-compete clause is a *non sequitur*. Plaintiff ignores the fact that his prayer for relief specifically requests that this court enjoin Defendant from violating the non-compete clause of the employment agreement. The contract is invalid and thus the complaint cannot stand. For this reason, Defendant's motion to dismiss should be granted.

Further, Plaintiff alleges that Defendant breached his employment agreement. Count I of Plaintiff's Complaint is "Breach of Contract." Therefore, regardless of whether PFG seeks to enforce the non-compete provision of the contract, Defendant's motion to dismiss should be granted because the invalidity of the non-compete clause of the employment agreement renders the entire agreement invalid. Therefore, Count I of Plaintiff's Complaint fails as a matter of law because it alleges that Defendant breached a contract that was never enforceable in the first place. Thus, this Court should dismiss Count I of Plaintiff's Complaint with prejudice.

Next, Plaintiff fails to allege sufficient facts to put Defendant on notice of any damages sustained by PFG that were directly and proximately caused by Defendant's alleged actions. Proximate cause is a required element of fraud pleadings and the complaint is devoid of sufficient facts to clearly and accurately plead fraud. Therefore, Plaintiff has failed to state any facts upon which relief could be granted under either Count of its Complaint. For this reason, this Court should dismiss both Count I and Count II of Plaintiff's Complaint with prejudice.

**Conclusion**

For the foregoing reasons, and all the reasons stated in Defendant's Memorandum in Support of his Motion to Dismiss, Plaintiff's complaint should be dismissed.

WHEREFORE, Defendant James M. Dawson respectfully requests that this Court: (i) grant Defendant's Motion to Dismiss Plaintiff's Complaint with prejudice; and (ii) grant all other relief this Court deems just and equitable, including without limitation the Defendant's reasonable expenses and attorneys' fees.

                                                    Respectfully submitted,
                                                    JAMES M. DAWSON
                                                    By counsel

_____/s/_____
LAW OFFICES OF MARK R. DYCIO, P.C.
T. Wayne Biggs, Esq. VSB# 41281
twbiggs@dyciolaw.com
10533 Main Street
Fairfax, Virginia 22030
(703) 383-0100
(703) 383-0101 (Fax)

Thomas G. Gardiner
James B. Koch
Jacqueline M. Schultz
GARDINER KOCH WEISBERG & WRONA
53 W. Jackson Blvd. Suite 950
Chicago, IL 60604

CERTIFICATE OF SERVICE

      I hereby certify that on September 24, 2010, I caused the electronic filing of the foregoing Reply with the Clerk of Court using the CM/ECF system which will then send a notification of such filing (NEF) to the following counsel:

      Brian E. Pumphrey
      McGuireWoods LLP
      One James Center
      901 East Cary Street
      Richmond, VA 23219-4030
      804.775.7745 (Direct Line)
      804.698.2018 (Direct FAX)
      bpumphrey@mcguirewoods.com

                                              /s/
                                      T. Wayne Biggs, Esq.